IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FAITH ELIZABETH WILLIAMS :

v. : CIVIL NO. JKB 16-2063

MANOR CARE – DULANEY MD, LLC :

## REPORT AND RECOMMENDATION

This matter was referred to me on May 16, 2017 for settlement (ECF 24). A settlement conference was held on September 7, 2017. At the settlement conference, Plaintiff was represented by appointed *pro bono* counsel (ECF 31). The parties reached a full settlement of all claims and the Court issued an Order dismissing the case (ECF 33) on the same date. On October 6, 2017, Plaintiff sent a letter to the Court which was properly construed as a motion to reopen the settlement agreement (ECF 34). Plaintiff filed the motion on her own behalf, having counsel appointed for settlement only. This matter, having previously been referred to me for settlement, was referred to determine whether there was a basis to reopen the settlement agreement and to provide a Report and Recommendation on two issues raised (1) whether the court should allow Plaintiff to withdraw the settlement agreement, and (2) whether to grant *pro bono* counsel's request, which was joined by the Plaintiff, to strike his appearance. A hearing was held on November 8, 2017 with the Plaintiff, her *pro bono* counsel and Defendant's counsel present. I incorporate the evidence presented at the hearing in support of this Report and Recommendation.

### Factual Basis for Plaintiff's Claim

The Plaintiff, Ms. Faith Williams, served as a geriatric nurse aide for Manor Care – Dulaney MD, LLC. Plaintiff, an African American, alleged violations of Title VII of the Civil Rights Act, alleging that a group of "Africans" were allowed to refuse to help her with her

patient care (ECF 1). Defendant Manor Care filed an Answer denying any liability and challenging the legal sufficiency of the claim on multiple grounds (ECF 18). The case was referred to me for settlement and as stated above, counsel was appointed *pro bono* for purposes of the settlement.

### The Settlement Conference

On September 7, 2017, I met with the parties for settlement. Initially I explained the purpose of the settlement conference and the procedures we would follow. Mr. Burkhouse, appointed counsel for Ms. Williams, had an opportunity to speak with her prior to the settlement conference and was given an opportunity to speak with her both in my presence as well as outside of my presence during the settlement conference. Mr. Burkhouse advised her of his evaluation of her complaint and the various challenges she would face in proceeding to trial, including the costs for an expert witness, the costs of conducting discovery and the challenge of responding to dispositive motions at the conclusion of discovery. There were several back and forth sessions that I conducted with each side, and my notes reflect that I met with each side four times before the written settlement agreement (Court's Exh. 1 *under seal* to the Motions Hearing) was reached.

### Findings of Fact and Recommendations

At the Motions Hearing on November 8, 2017 and after allowing both Plaintiff and her counsel to be heard, as well as Defendant's counsel who opposed Plaintiff's motion to reopen the settlement, I made several findings of fact that I adopt here in this Report and Recommendation.

1. At the time of settlement, a complete settlement was reached as outlined in Court's Exhibit 1.

2. Plaintiff knowingly and voluntarily executed the settlement agreement with the advice of counsel.

3. Plaintiff was fully and completely aware of the terms of the settlement and had full opportunity to accept or reject any of the terms and decided to accept them.

4. The settlement was conducted with full and fair bargaining by each side, and with each side represented by competent counsel.

5. The Plaintiff has failed to show any cause, much less good cause, to set aside a full and fair settlement, entered into in good faith and accepted by her and her counsel.

6. I find there is no basis for her allegations with respect to representation by her counsel. Her counsel fully realized the value of her claim, and provided Plaintiff with his analysis. These are issues of which Plaintiff complains and has pointed out in her Motion to reopen the settlement agreement.

7. As to her counsel's motion to strike his appearance pro bono, I find that due to the irreconcilable differences between counsel and the Plaintiff, his appearance be stricken and he be relieved of any further obligation in this case. Therefore, I would recommend his motion be granted. I also find that he provided excellent and appropriate advice to his client and obtained a very reasonable if not generous settlement under the circumstances. I find that no new appointment of counsel is necessary if this Court adopts these Findings and Recommendations and enforces the settlement agreement.

At the hearing, the only issue that Plaintiff raised that caused the Court any concern was that while Plaintiff did agree to the amount of money offered in settlement, she believed it was all to be designated as "pain and suffering" and not half as back wages and half as pain and

3

suffering. My recollection and her counsel's recollection were different, in that we believed Plaintiff agreed to split the amount offered into back wages and pain and suffering. Counsel for Defendant agreed to recommend to designate the money in the manner Plaintiff recalled, as full compensation for Plaintiff's pain and suffering.

CONCLUSION

For the reasons set forth above, and after a full and fair hearing in open Court, I recommend that:

1. The Court deny Plaintiff's Motion to Reopen Settlement (ECF 34); and

2. The Court grant *pro bono* counsel's request to strike his appearance in this case (ECF 35).

I also direct the Clerk to send a copy of this Report and Recommendation to the Plaintiff, Ms. Faith Williams, and to counsel for the parties. Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b, plus an additional three (3) days for mailing, Fed. R. Civ. P. 6.

November 13th, 2017.

A. David Copperthite
United States Magistrate Judge

4